Filed 5/16/25  In re M.S. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re M.S. et al, Persons Coming Under the Juvenile Court Law. | B334109 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 23CCJP02445A-B |
| Plaintiff and Respondent, | |
| v. | |
| M.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Affirmed.

Katie Curtis, under appointment by the Court of Appeal, for Defendant and Appellant.

Anne E. Fragasso for Respondent C.L.

No appearance for Plaintiff and Respondent Los Angeles Department of Children and Family Services.

_____

Two children, four and six years of age, were removed from their father after he assaulted the older child.  The court ordered monitored visitation for Father and issued a three-year restraining order preventing him from otherwise contacting Mother or the children.  Father appeals only the restraining order.  We affirm.  Code citations are to the Welfare and Institutions Code.

The facts supporting the order are simple.  Father and Mother did not live together at the time of removal.  Mother asked Father to watch the children one day while she handled a family emergency.  While with them, Father struck one of the children and used that child's hair to move him to where Father wanted him to be.  At various times, Father also made threats of violence against himself and others and displayed other mental health issues of concern.  Father owned a gun that remained in his home even after permanent restraining orders were issued, despite the court's repeated reminders to Father and his counsel.

Father does not dispute these facts.

The trial court ordered the children removed from Father.  It further ordered Father would have monitored visitation only with the children.  Later, the court granted Mother a three-year restraining order against Father that included the children in its restrictions.  Father was still allowed monitored visitation.

Father did not appeal the removal or disposition orders, nor did he appeal the orders for monitored visitation.  He asks only that we find the court improperly granted the three-year restraining order.

We apply both the substantial evidence and abuse of discretion standards in deciding whether the juvenile court erred in issuing a permanent restraining order under section 213.5, subdivision (a). (*In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1512.)

Father argues he has had no further negative incidents with either child since they were removed. This proves little, as monitors have supervised his visits that entire time.

Evidence the restrained person has previously attacked, struck, or battered a child is not required for issuance of a restraining order pursuant to section 213.5, subdivision (a), but when present is sufficient to support such an order. (*In re B.S.* (2009) 172 Cal.App.4th 183, 193.) Section 213.5, subdivision (a) also permits the court to include Mother in the order. The trial court had undisputed evidence that Father hit his child, pulled the child's hair, had ongoing mental health issues, and had an unsurrendered firearm. The court did not abuse its discretion.

**DISPOSITION**

The order is affirmed.


WILEY, Acting P.J.

We concur:


VIRAMONTES, J.          MATTHEWS, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.